# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **United States of America,** | ) | Case No: 01 CR 57-2 |
| | ) | |
| v. | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| **Gregorio Macedo Mata.** | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated herein, Defendant's motion for a reduction in his sentence [263] is granted. The Court sentences Defendant to a term of incarceration of 169 months.

## STATEMENT

Under 18 U.S.C. § 3582(c), a court may not modify a term of imprisonment after final judgment unless one of two exceptions apply: (1) the Director of the Bureau of Prisons moves for a reduction of sentence or modification is expressly permitted by statute or by Federal Rule of Criminal Procedure 35; or (2) the sentence was based on a sentencing range subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o). Defendant seeks modification under the second provision, pursuant to which the Sentencing Commission is authorized to periodically revise the sentencing guidelines and submit such revisions to Congress for approval. Where it exercises this power to revise the guidelines for a particular class of offense, the Sentencing Commission must specify "in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u).

In accordance with this statutory authority, the Sentencing Commission on April 30, 2014 promulgated Amendment 782, which generates a reduction of 2 offense levels for all offenses based on the drug equivalency tables in § 2D1.1 and § 2D1.11 of the Sentencing Guidelines, effective November 1, 2014. The Commission further specified that the sentence reduction would apply retroactively to defendants previously sentenced for the relevant drug offenses.

Gregorio Macedo Mata ("Defendant") was arrested with three others and charged with various narcotics offenses in January 2001. After an eight-day trial in October 2002, Defendant was found guilty of conspiracy to import 500 grams or more of methamphetamine and possession with intent to distribute between 50 and 500 grams of methamphetamine, and attempted possession of between 50 and 500 grams of methamphetamine. *United States v. Macedo*, 406 F.3d 778, 785 (7th Cir. 2005). After calculating a base offense level of 36, adding two levels for importation of methamphetamine and two levels for obstruction of justice (based on the judge's finding that Defendant had lied at a hearing on his motion for a new trial) then departing downward one level down due to Defendant's status as an alien and its impact on his ability to see family members, the

district judge[1] found the total adjusted offense level to be 39. The sentencing range for a total offense level of 39 and a criminal history category of I was 262 to 327 months and the district judge sentenced Defendant to 314 months incarceration. *Id*. at 784.

After an appeal, the Seventh Circuit ultimately vacated the sentence and remanded to the district court for resentencing after *United States v. Booker*, 543 U.S. 220 (2005), finding that the district court had improperly made factual findings regarding the drug at issue that were not proven to the jury. *United States v. Macedo*, 406 F.3d 778, 782, 787-89 (7th Cir. 2005).[2] At his resentencing, Defendant asked for a sentence of 120 months, the mandatory minimum, based in part on not being able to see his family, but did not ask for a one-level reduction based on his alien status.[3] The judge rejected Defendant's request and sentenced him to 210 months incarceration based on a guidelines range of 188 to 235 months, which is the range applicable to an offense level 36 and a criminal history category of I.

As to the instant motion for reduction in sentence, both parties agree that a reduction is appropriate. While the government contends that the offense level to which the two-level reduction should be applied is 36, Defendant now asserts that at his resentencing, the district court applied the guideline range associated with an offense level of 36, 188 to 235 months, in error, and that the proper offense level to which the reduction applies is 35. Defendant bases his argument on the following exchange between defense counsel and the judge at the resentencing:

> Defense Counsel: That leaves us at a level 36. Base offense level 32 plus 2 for obstruction, plus 2 for importation, which gets us to a 36. At the original sentencing you came down a level based on – loosely on his alien status and conditions of confinement as I understood it as a nonnational.
>
> The Court: What version of the guidelines are we – the 2001. We're at 36-1?
>
> Government: Yes, Judge.
>
> The Court: 188 to 235 [the range applicable to an offense level 36 and criminal history category of I].
>
> Defense Counsel: That's correct.

---

[1] Because the then-presiding judge, Judge Coar, has since retired, the case has been reassigned to this Court.

[2] This citation is to the Seventh Circuit opinion granting Defendant's petition for rehearing and amending in part its original opinion.

[3] The government won a cross-appeal of the one-level reduction based on alien status in co-defendant Contreras' appeal, but did not file a cross-appeal on the issue in Defendant's case.

(Govt's Ex. A, Dkt. # 270, 2/2/2006 Sentencing Hr'g Tr., at 13.) Although the district judge never stated he was reducing Defendant's offense level by 1 based on his alien status, and defense counsel expressly agreed with the judge's statement that the range was 188 to 235 months, which is applicable to an offense level of 36, Defendant now apparently contends that when the district judge said, "we're at 36-1," he meant 36 minus one, or 35.

The Court, however, agrees with the government that all parties and the district judge understood the proper offense level to be 36, and that the reference to "36-1" was shorthand for a total offense level of 36 and a criminal history category of I. As noted, defense counsel agreed with the sentencing range applicable to an offense level of 36. Further, the Statement of Reasons issued by the district judge indicates that the total offense level was 36, the criminal history category was I and the guidelines range was 188 to 235 months. (Dkt. # 273-2). Defendant does not point to any subsequent motion to correct a clerical error in the Statement of Reasons. Finally, after indicating that he was going to sentence Defendant within the "mid-range," the district judge imposed a sentence of 210 months, which is approximately halfway between 188 and 235 months, the range designated for an offense level of 36 and criminal history category of I. (*Id*. at 25.) Therefore, the Court rejects Defendant's contention that the two-level reduction should be from an offense level of 35.

The Court grants Defendant's motion for a reduction in his sentence. Defendant's new offense level is 34, which, with a criminal history category of I, yields an advisory guidelines range of 151 to 188 months. Based on the record in this case, and a consideration of the § 3553(a) factors, including the thoughtful reasoning as stated by the district judge in sentencing the Defendant, the Court imposes a sentence of 169 months imprisonment, which is close to the middle of the newly calculated range.

**Date**: June 10, 2015

_____
**Ronald A. Guzmán**
**United States District Judge**